UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANONYMOUS,

                            MEMORANDUM AND ORDER

              Plaintiff,            CV 13-3770

      -against-             (Wexler, J.)

MEDCO HEALTH SOLUTIONS, INC.,
et al.,

             Defendants.

                         FILED
                IN CLERK'S OFFICE
             U.S. DISTRICT COURT

------------------------------------------------------------X   ★  NOV 14 2013
APPEARANCES:
                          LONG ISLAND OFFICE

      GARFUNKEL WILD P.C.
      BY: ANDREW LESLIE ZWERLING, ESQ.
          COLLEEN M. TARPEY, ESQ.
      Attorneys for Plaintiff
      111 Great Neck Road Suite 503
      Great Neck, New York 11021

      FARRELL FRITZ, P.C.
      BY: JOHN P. McENTEE, ESQ.
          MICHAEL ALAN-HERMAN SCHOENBERG, ESQ.
      Attorneys for Defendants
      1320 RXR Plaza
      Uniondale, New York 11556-0120

WEXLER, District Judge

      This action was commenced in the Supreme Court of the State of New York, County of

Nassau, and thereafter removed here. Plaintiff commenced the case anonymously in the state

court and upon removal, that anonymity was maintained and the matter was sealed. Defendants

thereafter sought a pre-motion conference as to a contemplated motion, pursuant to Rule 12(f) of

the Federal Rules of Civil Procedure, to strike certain allegedly inappropriate material from

1

Plaintiff's complaint.

This court held a conference as to Defendants' proposed motion and, on the court's motion, to determine whether Plaintiff should be allowed to proceed anonymously, and whether the entire matter should remain sealed. At the conference, Defense counsel made clear his opposition to allowing Plaintiff to proceed anonymously and to the sealing of the file. Plaintiff's counsel maintained that his client was entitled to shield his identity and all documents filed in this matter from the public docket. Counsel for each side were given leave to submit letters stating in greater detail the positions stated at the conference. The parties have since set forth their positions in letters before the court. Plaintiff has indicated that if the court denies his requests to proceed anonymously and to seal the file, he desires to file an amended complaint. Plaintiff has represented that the amended complaint will redact the information that would have been the subject of Defendants' proposed motion to strike.

Upon review of the counsel's submissions and the pleadings herein, the court holds that there is no reason to allow Plaintiff to proceed anonymously in this case, and that this matter should not be sealed. Plaintiff is a physician. While his complaint argues that Defendants' conduct has lead to the wrongful and widespread dissemination of his personal health information, he argues that anonymity and sealing are necessary to avoid the potential harm that such disclosure will have on his medical practice. Neither the facts of the case as alleged, nor Plaintiff's status as a physician entitle him to proceed anonymously, or require the sealing of the file in this case. Finding no reason for either measure, the court orders that Plaintiff must disclose his actual identity if he wishes to proceed, and that the file in this case will be unsealed. Any issues regarding the confidentiality of particular documents or the need for redaction will be

handled as they arise.

In light of the foregoing, the court enters the following order. With the exception of the material filed under docket entries one and sixteen, the Clerk of the Court is directed to unseal the file in this case. If Plaintiff wishes to proceed with his case, he is hereby given leave to file an amended complaint under his own name. As represented by Plaintiff, the amended complaint will redact the information that is the subject of Defendants' objection and obviate the need for a motion to strike. The removal of material from the complaint shall be without prejudice to the later discovery and or introduction of such material to the extent of its relevancy, prejudicial value and/or admissibility. Plaintiff is granted three weeks from the date of this order in which to file an amended complaint.

SO ORDERED

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
November 14, 2013